IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| JOHN DOE, et al.,<br><br>    Petitioner-Appellee,<br><br>    v.<br><br>JAMES MATTIS, in his official capacity as<br>    SECRETARY OF DEFENSE,<br><br>    Respondent-Appellant. | No. 18-5032 |

**JOINT MOTION TO UNSEAL PORTIONS OF THIS COURT'S OPINION OF MAY 7, 2018**

The New York Times Company and Charlie Savage (together, the New York Times) and the government respectfully move this Court to withdraw the pending motion to unseal filed by the New York Times on April 9, 2019; to permit the New York Times to intervene for the purpose of seeking to unseal portions of this Court's opinion dated May 7, 2018; and to unseal all redacted portions of that opinion, except for the name of a government official identified in citations to that official's declaration. This motion is unopposed.

1. In this case, a United States citizen who had been detained by the United States military in Iraq sought release from military custody through a habeas corpus action. On May 7, 2018, this Court issued an opinion addressing the petitioner's claim that the government could not transfer him to the custody of another country while

his habeas petition was pending.[1] Certain information in the case had been "sealed [by the Court] to protect sensitive diplomatic interests." *Doe v. Mattis*, 889 F.3d 745, 769 n.1 (D.C. Cir. 2018) (Henderson, J., dissenting). Accordingly, the Court redacted any sealed material from the publicly version of its opinion released on May 9, 2018. But "[i]n view of the presumption of public access to judicial proceedings," both the majority and the dissent "endeavored to fashion the[ir] opinion[s] so as to manage redactions" and keep them to a minimum. *Id.* at 751 (majority); *see also id.* at 769 n.1 (dissent). Following publication, the New York Times moved on April 9, 2019, to intervene and asked the court to unseal its opinion or provide "a summary of legal reasoning and conclusions in the sealed portions of the opinions." Mot. 1.

2. In response to the April 9 motion, the government and the New York Times (the parties) have conferred and have reached a settlement agreement. Pursuant to that agreement, the parties request the following relief.

*First*, the withdrawal of the April 9 motion filed by the New York Times.

*Second*, the unsealing of all of the redacted portions of this Court's opinion, except for the name of the declarant identified on pages 18 n.7, 32, and 33 of the slip copy of the dissent. The reasons for this partial unsealing are as follows. The government has reviewed the Court's opinions and has determined that the diplomatic interests involved no longer require the continued sealing of the redacted

---

[1] Petitioner was ultimately released (with his consent) in Bahrain, and the habeas action was dismissed with prejudice.

2

information. However, security concerns justify the continued sealing of one piece of information: the name of an official revealed in citations to the official's declaration. Release of this information could pose a risk to the official's safety.

*Third*, in the event that this joint motion is denied, the April 9 motion filed by the New York Times will be reinstated and the government will have 30 days to respond.

3. Counsel for the government has conferred with counsel for the petitioner regarding this matter. Petitioner's counsel represented that the petitioner does not object to the continued sealing of the official's name, or to the unsealing of information sought in this joint motion.

4. For the foregoing reasons, this Court should grant this joint motion and provide the parties the relief described above.

                    Respectfully submitted,

                    SHARON SWINGLE

| s/ David A. Schulz | s/ Thomas Pulham |
|---|---|
| DAVID A. SCHULZ | THOMAS PULHAM |
|   Media Freedom & |   (202) 514-4332 |
|      Information Access Clinic |   thomas.pulham@usdoj.gov |
| P.O. Box 208215 | |
| New Haven, CT | Attorneys, Appellate Staff |
| (203) 432-9378 | Civil Division |
| david.schulz@ylsclinincs.org | U.S. Department of Justice |
| | 950 Pennsylvania Ave., NW |
| | Room 7323 |
| | Washington, DC  20530 |

JUNE 2019

4

# CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the response contains 551 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this response complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Word 2016 in a proportionally spaced typeface, 14-point Garamond font.

        s/ Thomas Pulham
        Thomas Pulham

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                        s/ Thomas Pulham
                                        Thomas Pulham